**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:15-cv-252-FDW**

| | |
|---|---|
| **BRANDON GERALD STEELE,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**FNU ROBINSON, et al.,** )<br>)<br>**Defendants.** )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on a periodic status review.

Pro se Plaintiff Brandon Gerald Steele, a North Carolina state inmate currently incarcerated at Lanesboro Correctional Institution, filed this action on June 8, 2015, pursuant to 42 U.S.C. § 1983. On July 23, 2015, the Court found that the action survived initial review as to Plaintiff's excessive force claim against Defendants FNU Henderson and Renisha Robinson. (Doc. No. 6). The U.S. Marshal thereafter attempted to effectuate service by certified mail on Defendant Robinson at Lanesboro Correctional Institution, where Robinson was employed at all relevant times. On September 4, 2015, Defendant Henderson filed an Answer. (Doc. No. 12). On September 23, 2015, the summons as to Robinson was returned as executed by the U.S. Marshal, but the summons does not indicate who accepted service for Robinson, nor does the record indicate that Robinson has actually received service of process. (Doc. No. 14).

On December 21, 2015, the Court entered an order noting that the Court had been informed that Defendant Robinson is no longer employed with the North Carolina Department of Public Safety, and the Court instructed the U.S. Marshal to locate and obtain service on Defendant

1

Robison at Robinson's home address. (Doc. No. 20). Although the Court has a return of service for summons served on Defendant Robinson at Lanesboro Correctional Institution, Defendant has still not filed an Answer, and it is not clear whether Defendant Robinson has been personally served with summons.

Generally, a plaintiff is responsible for effectuating service on each named Defendant within the time frame set forth in Fed. R. Civ. P. 4(m), and failure to do so renders the action subject to dismissal. However, if an incarcerated plaintiff proceeding in forma pauperis provides the Marshals Service sufficient information to identify the defendant, the Marshals Service's failure to complete service will constitute good cause under Rule 4(m) if the defendant could have been located with reasonable effort. See Graham v. Satkoski, 51 F.3d 710, 713 (7th Cir. 1995). Before a case may be dismissed based on failure to effectuate service, the Court must first ensure that the U.S. Marshal has used reasonable efforts to locate and obtain service on the named defendants. See Greene v. Holloway, No. 99-7380, 2000 WL 296314, at *1 (4th Cir. Mar. 22, 2000) (where the district court dismissed a defendant in a Section 1983 action based on the prisoner's failure to provide an address for service on a defendant who no longer worked at the sheriff's office, remanding so the district court could "evaluate whether the marshals could have served [Defendant] with reasonable effort").

Because it appears to the Court that Defendant Robinson is no longer employed at Lanesboro Correctional Institution and may not have received personal service of process, this Court will instruct the U.S. Marshal to use reasonable efforts to locate and obtain personal service on Defendant Renisha Robinson at Robinson's home address in accordance with Rule 4 of the Federal Rules of Civil Procedure. If the U.S. Marshal obtains the home address for Defendant Robinson, the address may be redacted from the summons forms for security purposes following

service on Defendant.

**IT IS THEREFORE ORDERED that:**

(1) The U.S. Marshal shall use all reasonable efforts to locate and obtain personal service on Defendant Renisha Robinson at Defendant's home address. If the U.S. Marshal is unable to obtain personal service on Defendant Robinson, the U.S. Marshal shall inform the Court of the reasonable attempts to obtain service.

(2) The Clerk is respectfully instructed to mail a copy of this Order to the U.S. Marshal.

Frank D. Whitney
Chief United States District Judge