**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-252-FDW**

| | | |
|---|---|---|
| **BRANDON GERALD STEELE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **FNU ROBINSON, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on Plaintiff's motion for default judgment against Defendant Renesha Robinson. (Doc. No. 29).

On February 21, 2017, on a motion by Plaintiff, the Clerk of this Court entered default against Defendant Robinson. (Doc. No. 28). Although it does appear that Defendant Robinson was personally served with the summons and complaint in this action at her former place of employment, Lanesboro Correctional Institution, (Doc. No. 21 at 3), she is apparently no longer employed with the North Carolina Department of Public Safety. Therefore, it does not appear that she was served with the motion for entry of default.

Unless and until a party has been defaulted, Rule 5(a) requires the service of every pleading filed after the original complaint and the service of all written notices, appearances, demands, offers of judgment, or "similar paper[s]." FED. R. CIV. P. 5(a). It does not appear that Defendant was served with the motion for entry of default before default was entered. Therefore, the Court sets aside the entry of default. See Simmons v. Ohio Civil Serv. Emp. Ass'n, 259 F. Supp. 2d 677, 686 (S.D. Ohio 2003) (stating that a default is properly set aside where the motion for default and

1

other pleadings were not served on the parties in accordance with Rule 5(a)). Furthermore, before granting Plaintiff's motion for default judgment against Robinson in this action, the Court will instruct the U.S. Marshal to use reasonable efforts to locate Robinson and serve her with Plaintiff's motion for entry of default and the pending motion for default judgment in accordance with Rule 4(e) of the Federal Rules of Civil Procedure.

For the foregoing reasons, the Court sets aside the entry of default, orders that the U.S. Marshal shall use reasonable attempts to locate and serve Defendant Robinson with this Order, with Plaintiff's request for entry of default, and with Plaintiff's motion for default judgment.

**IT IS THEREFORE ORDERED THAT**:

(1) Within 30 days of this Order, the U.S. Marshal shall use reasonable efforts to locate and serve Defendant Renesha Robinson, in accordance with Fed. R. Civ. P. 4, with this Order, with Plaintiff's prior Motion for Entry of Default, (Doc. No. 27), and with Plaintiff's Motion for Default Judgment, (Doc. No. 28). If the U.S. Marshal is unable to locate and obtain and service on Defendant Robinson within this time period, the U.S. Marshal shall inform the Court of the efforts taken to locate and serve Defendant Robinson.

(2) If the U.S. Marshal is able to locate and serve Defendant, <u>Defendant shall then have 30 days in which to respond to the motions for entry of default and default judgment. Failure to respond will likely result in entry of default and default judgment being entered against Defendant Robinson</u>.

(3) The Clerk's prior entry of default shall be set aside.

(4) The Clerk is respectfully instructed to mail a copy of this Order to the U.S. Marshal.

Signed: March 6, 2017

Frank D. Whitney
Chief United States District Judge