**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-252-FDW**

| | |
|---|---|
| **BRANDON GERALD STEELE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **FNU ROBINSON, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER** is before the Court upon receipt of an unexecuted summons, in which the U.S. Marshal attempted to serve Defendant Robinson at her former place of employment, Lanesboro Correctional Institution, in Polkton, North Carolina. (Doc. No. 38). The Court has already determined in prior orders that Defendant is no longer employed at Lanesboro Correctional Institution. See (Doc. No. 30). Before the Clerk of this Court may enter default against Defendant, she must be notified of the motion for entry of default. See (Id.). The U.S. Marshal shall therefore use reasonable efforts to locate and serve Defendant Renesha Robinson with the Clerk's Entry of Default against her, as well as the pending Motion for Default Judgment.[1] See (Doc. No. 30). Because it has been determined that Robinson is no longer employed with the North Carolina Department of Public Safety, the U.S. Marshal shall attempt personal service on Plaintiff **personally or at her dwelling house or usual place of abode**, in accordance with Rule 4(e) of

---

[1] Plaintiffs who are proceeding in forma pauperis must rely on the district court and the U.S. Marshals Service to effect service of process according to 28 U.S.C. § 1915. See 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

1

the Federal Rules of Civil Procedure, which provides as follows:

> Unless federal law provides otherwise, an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by: (1) **following state law for serving a summons in an action brought in the courts of general jurisdiction in the state where the district is located or where service is made**; or (2) doing any of the following: (A) **delivering a copy of the summons and of the complaint to the individual personally**; (B) **leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there**; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

FED. R. CIV. P. 4(e). Rule 4(j)(1) of the North Carolina Rules of Civil Procedure prescribes the manner by which service may be effectuated in North Carolina, directing that service upon a natural person shall be as follows:

> a. **By delivering a copy of the summons and of the complaint to the natural person or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein**.
> b. By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute.
> c. By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee.
> d. By depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the party to be served, delivering to the addressee, and obtaining a delivery receipt. As used in this sub-subdivision, "delivery receipt" includes an electronic or facsimile receipt.
> e. By mailing a copy of the summons and of the complaint by signature confirmation as provided by the United States Postal Service, addressed to the party to be served, and delivering to the addressee.

N.C. R. CIV. P. 4(j)(1). The U.S. Marshal is directed to respond in accordance with the Court's order within ten days, either by returning an executed summons after serving Robinson in accordance with the directives in this Order, or by informing the Court of the status of its efforts

to locate and serve Defendant Robinson and why the U.S. Marshall was unable to locate and serve Robinson personally or at her dwelling house or usual place of abode.

**IT IS SO ORDERED.**

Signed: May 11, 2017

Frank D. Whitney
Chief United States District Judge